UNITED STATES BANKRUPTCY COURT
Western District of Wisconsin

*In re:*    Case no. 21-12161

    DENNIS WESTLEY ELIASON, and
    AMY MARIE ELIASON,

              Debtors

---

DENNIS WESTLEY ELIASON, and
AMY MARIE ELIASON,

               Plaintiffs,

vs.    Adv. no. 21-_____

BANK OF NORTH DAKOTA,

               Defendant.

# COMPLAINT

Dennis Westley Eliason and Amy Marie Eliason, (hereinafter "Plaintiffs"), by Christianson & Freund, LLC, for their claim against Defendant Bank of North Dakota ("Defendant"), allege as follows:

## Jurisdiction and Venue

1. Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code on October 20, 2021.

2. This Court has jurisdiction of this Adversary Proceeding under 28 U.S.C. §§ 157 & 1334.

3. This is a 28 U.S.C. § 157 core proceeding.

4. Venue is proper under 28 U.S.C. §1409(a).

5. This Court has authority to enter final judgment on all issues raised herein; in the alternative, the parties consent to this Court entering final judgment on all issues raised herein; in the further alternative, the claims herein may be adjudicated as non-core claims.

## The Globe University Loans

6. On or about 2010, Plaintiff Amy Marie Eliason (hereinafter "Amy") obtained loans (hereinafter, collectively, the "Globe University Loans") from the Bank of North Dakota (hereinafter the "BND").

7. Amy used the Globe University Loans to attend a Globe University branch in Eau Claire, WI where she studied to become a certified medical assistant.

8. Amy used the Globe University Loans to pay for tuition, costs, and living expenses.

9. Upon graduation, Amy was informed that she would have to seek certification as an additional step to working in her chosen field, but Globe University did not have a program in place to provide such certification.

10. Amy recently worked as a driver for a transport company earning $10.75 per hour but was unable to find employment in the field for which she trained at Globe University.

11. Amy is currently unemployed.

12. Upon information and belief, the total current balance of the Globe University Loans is approximately $54,362.

13. The Globe University Loans are held and serviced by BND.

14. BND is an agency of the government of the State of North Dakota.

15. The Globe University Loans are insured, guaranteed, or made by a governmental unit.

## First Cause of Action: Hardship

16. Plaintiffs incorporate by reference the schedules in their associated bankruptcy case no. 21-12161.

17. Amy is trained as a medical assistant but not certified.

18. Amy recently worked part time as a driver for a transport company but is currently unemployed.

19. Amy's future career prospects are limited by her lack of certification in her chosen field.

20. Excepting the Globe University Loans from discharge will impose an undue hardship on the Plaintiffs and such undue hardship will persist for a substantial period of the repayment period of the obligation.

21. Plaintiff have made a good-faith attempt to repay the Globe University Loans through various combinations of the following: 1) direct payments, 2) income-based repayments, and 3) necessary deferments and forbearances.

22. Plaintiffs qualify for discharge of this Loan under *Brunner v. New York State Higher Educ. Servs. Corp.* 831 F2d 395 (2d Cir. 1987).

### Second Cause of Action: Lack of Educational Benefit

23. Amy was told at the time of admission that she would be able to obtain certification as a medical assistant at the Globe University Campus in Eau Claire, Wisconsin.

24. A few months before graduation, Amy was told by the program director for the first time that she would have to attend a different campus to obtain certification as a medical assistant because the campus in Eau Claire did not provide such certification.

25. Upon information and belief, Globe University misled Amy about the possibility of obtaining certification as part of its degree program.

26. Upon information and belief, Globe University has closed subsequent to Plaintiff's attendance and graduation, in part because of allegations of fraud and misrepresentation. *Cf. State v. Minn. Sch. of Bus., Inc.*, 899 N.W.2d 467 (Minn. 2017); *State v. Minn. Sch. of Bus., Inc.*, 935 N.W.2d 124 (Minn. 2019).

27. Upon information and belief, Globe University's ability to participate in any federally-related student loan programs was revoked due to the allegations of fraud and misrepresentation.

28. Upon information and belief, student loans owed directly to Globe University have been canceled due to the allegations of fraud.

29. Amy has not been certified as a medical assistant due to Globe University's misrepresentations concerning the educational benefits of its degree program.

30. Amy did not obtain any educational benefit as a result of her indebtedness to BND.

31. Further, the Globe University Loans were represented to be, and in fact partially used for, living and personal expenses which were not related to any educational benefit.

32. For the reasons stated above, the Globe University Loans were neither an educational benefit loan nor a qualified education loan under section 523(a)(8) of the Bankruptcy Code.

WHEREFORE, Plaintiff requests the Court enter Orders:

(a) to determine that the Globe University Loans are not excepted from discharge in this bankruptcy case for the reasons stated above, or in the alternative;

(b) to determine that an equitable portion of the Globe University Loans be determined to be dischargeable so as to prevent undue hardship on the Plaintiff and for deferment of such non-dischargeable amounts until Plaintiff is reasonably able to commence payments on the same in periodic amounts set by the Court, and;

(c) other such relief as the Court deems just and proper.

Dated January 17, 2023.

CHRISTIANSON & FREUND, LLC
Counsel for Plaintiffs

Post Office Address
920 So. Farwell St.
P.O. Box 222                             By: __/s/_Daniel C. Rislove_____
Eau Claire, WI  54702-0222                    Attorney Daniel C. Rislove
715/832-1800                                  State Bar No. 1052019